UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. ALONSO,<br><br>         Plaintiff,<br><br>v.<br><br>EL CENTRO POLICE DEPARTMENT et al.,<br><br>         Defendants. | Case No.: 23-CV-0006-CAB-LR<br><br>**ORDER GRANTING IN PART UNOPPOSED MOTION TO DISMISS COMPLAINT**<br><br>[Doc. No. 7] |

   This matter is before the Court on a motion to dismiss, or in the alternative, quashing service of summons, filed by Defendant City of El Centro, erroneously sued as El Centro Police Department.  The motion was filed on February 14, 2023, and set a hearing date (for briefing purposes only) of April 26, 2023.  When this case was transferred to the undersigned, the Court issued an order clarifying that Plaintiff must file his opposition to the motion to dismiss by April 12, 2023, and advising Plaintiff that failure to file an opposition may result in dismissal of the case.  The April 12, 2023, deadline passed without an opposition being filed by Plaintiff, and on April 18, 2023, the City of El Centro notified the Court that it had not been served with an opposition.

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or a statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of April 26, 2023, and as expressly ordered by the Court, Plaintiff's opposition to the motion was due on April 12, 2023. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* CivLR 7.1.f.3.c.

Here, Plaintiff's failure to oppose the motion indicates that Plaintiff has abandoned this lawsuit as to any claims against the City of El Centro and consents to the granting of the motion. However, in light of Plaintiff's pro se status, dismissal without prejudice would be premature. Accordingly, it is hereby **ORDERED** as follows:

1. The motion to dismiss the complaint for insufficient service or, alternatively, quashing service of summons, is **DENIED** insofar as it seeks dismissal of the complaint, and **GRANTED** insofar as it seeks a declaration that Plaintiff's attempted service of the summons and complaint were inadequate;

2. If Plaintiff's failure to oppose the motion to dismiss was inadvertent, and Plaintiff intends to pursue any claims against the City of El Centro, on or before **May 17, 2023**, Plaintiff must file proof demonstrating either that the City of El Centro been served with the summons and complaint in accordance with the applicable rules, or that the City of El Centro has waived service; and,

3. Because there is no indication on the docket that the complaint has been served on any of the other defendants, and more than ninety days have passed since the complaint was filed,[1] Plaintiff must either file a proof of service demonstrating that each defendant has been served with the summons and complaint or **SHOW**

---

[1] Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

**CAUSE** in writing, on or before **May 17, 2023**, why this matter should not be dismissed in its entirety for failure to prosecute.

**Failure to timely respond to this order will result in dismissal of this lawsuit.**

It is **SO ORDERED**.

Dated:  April 18, 2023

Hon. Cathy Ann Bencivengo
United States District Judge