UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. ALONSO,<br><br>                              Plaintiff,<br><br>v.<br><br>EL CENTRO POLICE DEPARTMENT, et al.,<br><br>                              Defendants. | Case No.: 23-CV-0006-CAB-LR<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 26]; (2) GRANTING THE CITY OF EL CENTRO'S MOTION TO DISMISS [Doc. No. 19] WITH LEAVE TO AMEND; and (3) DISMISSING PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS UNDER RULE 4(m)** |

On May 26, 2023, Defendant City of El Centro, erroneously sued as El Centro Police Department, filed a motion to dismiss Plaintiff's complaint. [Doc. No. 19.] On August 23, 2023, Magistrate Judge Lupe Rodriguez, Jr. prepared a Report and Recommendation ("Report") recommending that the motion to dismiss be granted with leave to amend, and that the claims against the individual defendants be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). [Doc. No. 26.]  The Report ordered that the parties could file written objections to the Court by filing a document captioned "Objections to Report and Recommendation." *See* Report at 21.  On September 20, 2023, Plaintiff filed an uncaptioned and unsigned document that appears to re-assert some or all of Plaintiff's allegations from the complaint but does not explicitly reference the Report. [Doc. No. 28.]

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The Court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (*emphasis* in original).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, Defendants have not objected to the Report. It is not clear, however, whether Plaintiff's September 20, 2023, filing was intended to be objections to the Report. Objections must be written and specific. See, e.g., Fed. R. Civ. P. 72(b)(2). It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).  Plaintiff's filing does not reference the Report and makes no specific objections thereto.  The Court, therefore, could review the Report only for clear error.  Nevertheless, giving Plaintiff the benefit of the doubt, the Court has conducted a de novo review of the Report and finds it to be thorough, complete, and an accurate analysis of the allegations in the complaint and the legal issues presented in the motion to dismiss.  Accordingly, the Court hereby:

1. **ADOPTS** Magistrate Judge Rodriguez's Report and Recommendation in its entirety;

2. **GRANTS** the City of El Centro's motion to dismiss Plaintiff's complaint;

3. **DISMISSES** Plaintiff's claims against the individual defendants for failure to serve under Federal Rule of Civil Procedure 4(m) because Plaintiff did not serve those Defendants by May 17, 2023, as set forth in the Court's April 18, 2023, and April 27, 2023 Orders [Doc. Nos. 14, 16]; and,

4. **GRANTS** Plaintiff leave to file a first amended complaint *against the City of El Centro only* no later than **November 20, 2023**.  Plaintiff is cautioned that the amended complaint must be complete and without reference to his previous complaint.  Claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").  Alternatively, if Plaintiff does not intend to file an amended complaint, he may file a "Notice of Intent Not to Amend Complaint" by this deadline.

If Plaintiff does not file an amended complaint or notice of intent not to amend by November 20, 2023, the Court will assume that Plaintiff consents to dismissal of this action and order the Clerk to close this case.

**IT IS SO ORDERED.**

Dated:  October 10, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge